NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10089 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00144-KJD-PAL-1 |
| v. | |
| DON EUGENE WHITE, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted June 4, 2020**
Pasadena, California

Before: CALLAHAN and NGUYEN, Circuit Judges, and KANE,*** District Judge.

Don Eugene White appeals his conviction for being a felon in possession of

a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on the bases that the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

district court failed to instruct the jury that the Government must prove beyond a reasonable doubt that he knew of his felon status at the time of the firearm possession, as required by *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and that the indictment failed to allege that he had this knowledge. White also appeals his sentence on the basis that it is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm White's conviction and sentence.

1. Because White did not request a knowledge instruction, we review the district court's failure to give one for plain error. *See United States v. Benamor*, 937 F.3d 1182, 1188 (9th Cir. 2019). Accordingly, White must establish "(1) an error that (2) was clear or obvious and not subject to reasonable dispute that (3) affected [his] substantial rights by affecting the outcome of the proceedings and (4) seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017) (citing *United States v. Walls*, 784 F.3d 543, 546 (9th Cir. 2015)). Under *Rehaif*, the district court clearly erred. *See Benamor*, 937 F.3d at 1188.

However, White cannot show that this deficiency affected his substantial rights. In addition to stipulating at trial that he had been convicted of a crime punishable by a term of imprisonment in excess of one year prior to the date of the alleged firearm possession, White had at least four previous convictions for which

he received sentences in excess of one year, and he served a period of incarceration of over five years in connection with those convictions. Therefore, there is no reasonable probability that White was unaware that he was a felon at the time he possessed the firearm and that, but for the district court's error, the outcome of the proceeding would have been different. *See Benamor*, 937 F.3d at 1189 (citing *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016)). Accordingly, White is not entitled to relief on this basis.

2. Similarly, White challenges the indictment's failure to allege that he knew he was a felon. We review this claim for plain error. *See United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir. 2004) (first citing *United States v. Leos-Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002); and then citing *United States v. Velasco-Medina*, 305 F.3d 839, 846 (9th Cir. 2002)). For the same reasons that the district court's failure to instruct the jury in accordance with *Rehaif* did not constitute plain error, the indictment's deficiency did not constitute plain error: White cannot show that the deficiency affected his substantial rights. Thus, we affirm White's conviction.

3. Finally, White challenges the substantive reasonableness of his sentence, primarily asserting that the district court failed to consider the 18 U.S.C. § 3553(a) factors properly and that the district court's sentence punished him for exercising his Sixth Amendment right to trial and caused an unwarranted disparity

3                                                                 19-10089

when compared to the typical sentences of similarly situated defendants. We review this claim for abuse of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007)). Upon review of the record, we conclude that: (1) the record does not reflect White's contention that his sentence punished him for exercising his Sixth Amendment right to trial and (2) "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012) (en banc) (quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc)). Accordingly, we affirm White's sentence.

**AFFIRMED.**